USE OF MORRIS SCHWARTZMAN, THE STATE OF DELAWARE, *vs.* JOSEPH H. GOULD, and MARYLAND CASUALTY COMPANY, a corporation of the State of Maryland.

1. STATUTES—STATUTE AUTHORIZING LANDLORD'S ATTACHMENT, BEING IN DEROGATION OF COMMON LAW, MUST BE STRICTLY CONSTRUED.

   *Rev. Code* 1915, §§ 4586—4594, authorizing landlord's attachment for rent, being in derogation of common law, must be strictly construed.

2. LANDLORD AND TENANT—LANDLORD'S ATTACHMENT TO SECURE UNACCRUED RENT DOES NOT GIVE LIEN SUPERIOR TO THAT OF EXECUTION PREVIOUSLY ISSUED.

   Landlord's attachment of tenant's goods under *Rev. Code* 1915, §§ 4586-4594, to secure unmatured rent, does not give right superior to lien of execution previously issued and under which property has been seized by sheriff so as to entitle landlord to proceeds of subsequent sale.

3. LANDLORD AND TENANT—COMMON-LAW RIGHT OF DISTRESS, IF NOT EXERCISED BY ACTUAL SEIZURE, DOES NOT INCUMBER RIGHT OF TENANT.

   Landlord's right of distress at common law was right or privilege which' if unexercised by actual seizure, was utterly impotent and in no way incumbered right of tenant.

4. LANDLORD AND TENANT—IN ABSENCE OF DISTRESS, OR STATUTE CREATING LIEN, LANDLORD HAS NO LIEN FOR RENT ON TENANT'S PROPERTY.

   In absence of distress, or statute creating lien, landlord is without lien for rent on tenant's property.

(*March* 27, 1924.)

RICHARDS and RODNEY, J. J., sitting.

*William Prickett* for plaintiff.

*Harry P. Joslyn* for defendant.

Superior Court for New Castle County, January Term, 1924.

SUMMONS DEBT, No. 169, November Term, 1922.

This was a suit on the official bond of Joseph H. Gould, as Sheriff of New Castle County. The breach was assigned in the replication and alleges that on April 9, 1921, the plaintiff, Schwartzman, recovered a judgment against one Louis H. Green;

that by virtue of an execution issued on said judgment, the personal property of Green was sold April 25, 1921, for $650.00, no part of which sum was applied to the plaintiff's claim. The defendant's rejoinder sets up that prior to the sale, to wit, on April 22, 1921, an attachment for rent coming due, under the statute, was obtained by the affidavit of Peter F. Cassidy, the landlord, alleging that by written agreement Schwartzman and Green had rented from Cassidy the premises where the goods were located for the further term of one year from April 25, 1921, to April 25, 1922, for the annual rental of $2,000.00, payable in monthly installments of $166.67, on April 25, 1921, and each month thereafter. The rejoinder further sets up that the attachment was a prior lien on the proceeds of the execution sale and that Gould, the Sheriff, applied such proceeds to said attachment. To this rejoinder the plaintiff has generally demurred.

Rodney, J., delivering the opinion of the Court:

We are of the opinion that the demurrer must be sustained. The statute, sections 4586-4594, *Revised Code* 1915, generally provides that upon affidavit by a landlord, stating the rent that the tenant is to pay and when it will be due and that he does on good grounds believe the tenant intends to remove his effects from the county or otherwise dispose of the same and will so remove or dispose of the same before the rent becomes due so as to defeat a distress for said rent, a writ of attachment shall be issued against the goods and chattels, rights and credits of such tenant and for summoning the garnishees. The statute then provides that the tenant may give security for the rent and dissolve the attachment or may deny the rent, in which case, an issue is framed for a jury to ascertain whether there is a just demand of rent. If no security is given the landlord may obtain an order of sale of the goods attached. None of these things were done in this case, except the laying of the attachment on April 22, 1921.

[1] The attachment of rent by the landlord is a summary proceeding in derogation of the common law and will be strictly construed.

[2]   The defendant contends that the attachment is a prior lien on the proceeds of the execution sale in the hands of the Sheriff, although the execution on the judgment had been issued prior to the attachment. We find nothing in the statute to warrant such contention, and are of the opinion that such was not the purpose of the statute.

[3]   If any lien exists on the goods of this tenant, its origin must be traced to the statute. We are not aware of any lien existing at common law. . A distress at common law was a dormant right or privilege to take the thing into possession as a pledge or means of enforcing the tenant to pay his rent. If this right was not made active by actual seizure, it was utterly impotent and in no way encumbers the right of the tenant. We are not unmindful of the case of *Humphries v. Smith*, 4 *Houst.* 9. There it was suggested that a lien existed in favor of the landlord. No mention is made of a distress having been made, but we are of the opinion that such must have been the case. No authorities are suggested as sustaining the lien in the absence of a distress or of a statute creating such lien, and we know of none which would support it.

[4]   If then, the landlord had no lien on the goods prior to the laying of the attachment, we must look to the attachment statute for any provision making the lien created by the statute relate back of and become a prior lien to an execution duly levied prior to the attachment. We find no such provision. The statute generally seems to have been devised as a remedy on behalf of the landlord to enable him to obtain a lien for rent not due where a removal or disposition of the goods would defeat a distress for rent.

The rights of the landlord under *Sections* 4586-4594, herein considered, must not be confused with his rights under a distress for rent nor with his preferences under *Section* 4595. No question under either of the two latter provisions is here involved since the rejoinder of the defendant, justifies the payment to the landlord, Cassidy, solely because of the attachment proceeding brought by the landlord under *Sections* 4586-4594.

The demurrer is sustained.